IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02397–REB–KMT

KRISTINE L. BENSLER, a Colorado resident,
ANN H. NOYES, a Colorado resident, and
HAROLD A. NOYES, a Colorado resident, each in their individual capacities,

   Plaintiffs,

v.

TRAILHEAD LODGE AT WILDHORSE MEADOWS, LLC, a Colorado limited liability company,

   Defendant.

# ORDER

   This matter is before the court on "Plaintiffs' Unopposed Motion to File Their Second Amended Complaint and Jury Demand" (Doc. No. 12, filed December 7, 2009).

   Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiff seeks to add an additional plaintiff to this action. No Scheduling Order has been entered in this matter. Therefore, the motion was timely filed. Further, the case is in the early stages of litigation. There has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiffs' Unopposed Motion to File Their Second Amended Complaint and Jury Demand" (Doc. No. 12) is GRANTED. Plaintiffs' "Second Amended Complaint and Jury Demand" (Doc. No. 11, filed December 7, 2009) is accepted and shall be the operative Complaint in this matter.

Dated this 10th day of December, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge